NO. 7964.                    State of Louisiana.

B. V. Guerra
                            Court of Appeal
        Vs.

Moise Levy.                  Parish of Orleans.

St. Paul. Judge.

Petitioner alleged that he had agreed to purchase, and defendant had agreed to sell, a stock of merchandise and fixtures at market price; that petitioner had paid defendant $400 on account of said purchase. Annexed to the petition is the written agreement of sale, showing that the price was to be paid cash upon delivery. Petitioner alleged further that when he demanded the delivery of said fixtures and stock at market prices, defendant "without cause or warrant in law or otherwise x x x x refused to deliver the said fixtures and groceries or return the said deposit of $400" Wherefore petitioner prayed for the return of his said deposit.

Defendant filed an exception of no cause of action, which was maintained below; basing it upon two grounds, 1. That it was not alleged that defendant had been put in default, and 2. That it was not alleged that plaintiff had tendered the price in cash when he demanded delivery.

I.

If plaintiff offered to pay cash when he demanded the delivery, then defendant's refusal to deliver made a formal putting in default unnecessary.

"No putting in default is necessary when the defendant denies the contract, or refuses to perform it, or when it

is certain that the offer will be rejected," Milam-Morgan Co Vs Atlantic Fruit Co, 12 Orleans App. 306; Robelot Vs Gentilly Terace Co, 10 Orleans App. 237.

## II.

It is true that plaintiff does not in so many words allege that he offered the cash when he demanded delivery. But as the contract very explicity provides for cash on delivery, plaintiff's allegation that the refusal to deliver was "without cause or warrant" might even be construed as "equivalent to" an allegation that he did offer the cash; since otherwise he could not have said that the refusal was without cause or warrant. See Illinois Central R. R. Co vs Terminal Co, 143 La 467 (472)

But we prefer to fallow a course sanctioned by our own jurisprudence and by that of the Supreme Court, and which we have heretofore summed up as follows: "Maintaining an exception of no cause of action, based merely on defective pleadings and not going to the merits of the controversy, does not form the basis of res judicata. Hence it is proper under such exception simply to non-suit the plaintiff, or even to remand the case in order to allow plaintiff an opportunity to amend". Illinois Central R. R. Co. vs N. O. Terminal Co, 14 Orleans App. 310. And again "The tendency of courts is to brush away technicalities in order to reach the merits of the case. When pleadings are

defective and not broad enough to admit evidence or authorize judgment, amendments will be permitted in furtherance of justice. A cause will be remanded when justice will thereby be subserved." Le Duff vs Demoruelle, 11 Orleans App. 174.

We will therefore remand the case in order that plaintiff may make his petition more explicit; but he should pay the costs of this appeal. 14 Orleans App. 313.

The judgment appealed from is therefore reversed, and it is now ordered that the exception of no cause of action be overruled and that the case be remanded, with leave to the plaintiff to amend within ten days after this decree is filed in the court below, by alleging explicitly that when he demanded delivery he was ready and willing, ~~was ready and willing~~ then and there, to pay cash for the goods and fixtures; otherwise the demand of plaintiff to stand ipso facto rejected at his cost. The costs of this *appeal to be ~~borne by plaintiff~~ and all other costs* to await the final disposition of the case.